UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE B. CLARK,<br><br>   Plaintiff,<br><br>   v.<br><br>BARRETT BUSINESS SERVICES, INC.; and DOES 1 through 100, inclusive,<br><br>   Defendants, | No. 2:24-cv-01619-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Plaintiff Kyle B. Clark's ("Plaintiff") Motion to Remand. (ECF No. 31.) Defendant Barrett Business Services, Inc. ("Defendant") filed an opposition. (ECF No. 38.) Plaintiff did not file a reply.

Also before the Court is Defendant's Motion to Compel Arbitration. (ECF No. 8.) Plaintiff filed an opposition. (ECF No. 36.) Defendant filed a reply. (ECF No. 41.)

For the reasons set forth below, the Court DENIES Plaintiff's Motion to Remand and GRANTS Defendant's Motion to Compel Arbitration.

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an employment dispute. Defendant provides payroll administration, workers' compensation insurance, staffing and consulting services and employed Plaintiff as a salesperson for twelve years. (ECF No. 8-1; ECF No. 1-3 at 2.) During Plaintiff's employment with Defendant, the parties executed an agreement which included, among other provisions, an agreement to arbitrate "any such dispute arising out of [Plaintiff's] employment or the termination of such employment" ("the Agreement"). (ECF No. 8-3 at 25–29.)

On January 8, 2023, Defendant filed a civil complaint against Plaintiff in Sacramento County Superior Court, asserting claims related to Plaintiff's employment ("the Prior-Filed Action"). (ECF No. 31-4 at 5–16.) Between February 2023 through November 2023, the parties engaged in discovery in the Prior-Filed Action which included the following: Defendant noticed but did not take the deposition of Plaintiff; Defendant propounded and Plaintiff responded to general form interrogatories; and Plaintiff propounded and Defendant responded to general form interrogatories, requests for production of documents, and special interrogatories. (*Id*. at 2.) On November 9, 2023, Defendant dismissed the Prior-Filed Action without prejudice. (*Id*. at 18–20.)

On March 13, 2024, Plaintiff commenced this action in Sacramento County Superior Court, alleging claims for: (1) violation of California Labor Code §§ 1102.5(b)–(c) and (2) wrongful termination in violation of public policy. (ECF No. 1-3.) On April 19, 2024, Defendant filed an Answer to Plaintiff's Complaint (ECF No. 1-4) and a Cross-Complaint alleging claims for: (1) breach of contract; (2) breach of duty of loyalty; (3) tortious interference with prospective economic relations; (4) conversion; and (5) unfair business competition. (ECF No. 1-5.)

On April 22, 2024, Defendant removed this action to the Northern District of California on the basis of diversity jurisdiction. (ECF No. 1-6.) On May 8, 2024, Defendant filed the instant motion to compel arbitration. (ECF No. 8.) On June 3, 2024, the parties signed a joint stipulation to transfer the action to this Court. (ECF No. 22.) After the case was transferred, Plaintiff filed the instant motion to remand[1] on June 27, 2024. (ECF No. 31.)

---

[1]   Plaintiff filed a motion to remand on May 10, 2024. (ECF No. 11.) As Plaintiff subsequently filed the instant motion to remand on June 27, 2024, the Court considers the first

2

**II.     MOTION TO REMAND**

     A.     Standard of Law

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1447(c), a district court must remand any case that has been removed "improvidently and without jurisdiction." 28 U.S.C. § 1447(c). Removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

     B.     Analysis

Plaintiff does not dispute jurisdiction in this Court is proper under 28 U.S.C. § 1332. (*See* ECF Nos. 1, 31.) Rather, Plaintiff argues Defendant waived its right to proceed in federal court when it: (1) initiated the Prior-Filed Action in state court; (2) participated in discovery in the Prior-Filed Action; (3) dismissed the Prior-Filed Action without prejudice; and (4) filed a Cross-Complaint against Plaintiff in the instant case in state court prior to its removal. (ECF No. 31-2 at 2.)

In opposition, Defendant contends it did not waive its right to remove the instant case because waiver must be clear and unequivocal, and none of Defendant's actions — including initiating and voluntarily dismissing the Prior-Filed Action, filing an Answer to Plaintiff's Complaint, or filing a compulsory Counterclaim against Plaintiff in state court — constitute waiver. (ECF No. 38 at 4.)

The Court agrees with Defendant. It is established that a party "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994), *as amended* (Jan. 20, 1995). However, waiver "must be clear and unequivocal," and when "a party takes necessary defensive action to avoid a judgment being

---

motion to be withdrawn.

entered automatically . . . such action does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove." *Id.* (quoting *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989)). Indeed, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Id.*

First, Plaintiff's argument that Defendant was not entitled to remove the instant case because it chose state court as the forum for its Prior-Filed Action is unpersuasive. The instant case is before this Court from Plaintiff's Complaint filed in state court, not Defendant's Prior-Filed Action, which Defendant voluntarily dismissed. Furthermore, district courts have held that a defendant's participation in an earlier, related case does not waive its right to remove a later case, even where the two cases are based on the same factual circumstances or where they involve the same parties. *See Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244 (S.D. Fla. 1982) (holding that a defendant who had litigated in state court with the same plaintiff on the same cause of action for nearly two years did not waive its right to remove a second action based on the same occurrence underlying the first). Plaintiff has not provided any authority for its contention otherwise. Accordingly, the Court finds Defendant's actions in the Prior-Filed Action do not constitute waiver.

Second, in the instant case, Defendant did not take actions in state court consistent with an intention to have the matter adjudicated there. Plaintiff cites *Schmitt v. Insurance Co. of North America*, 845 F.2d 1546 (9th Cir. 1988) for the contention that filing a permissive counterclaim waives the right to removal. (ECF No. 31-2 at 4.) However, Plaintiff does not demonstrate how Defendant's Counterclaim was permissive and not compulsory. Nor would the Court find such an argument convincing, given that Plaintiff's claims and Defendant's counterclaims arise from the same transaction or occurrence — namely, Plaintiff's disclosure of company information and Defendant's subsequent firing of Plaintiff. *See* Cal. Civ. Proc. Code §§ 426.10, 426.30; Fed. R. Civ. P. 13. Thus, Plaintiff has failed to demonstrate Defendant waived its right to remove the instant case by filing the counterclaim in state court prior to removal. *Bayside,* 43 F.3d at 1240.

In sum, Plaintiff has not identified "clear and unequivocal" conduct by Defendant that constitutes waiver of the right to remove.

4

Accordingly, the Court DENIES Plaintiff's motion to remand.

### III. MOTION TO COMPEL ARBITRATION

#### A. Standard of Law

"[T]he federal law of arbitrability under the Federal Arbitration Act ("FAA") governs the allocation of authority between courts and arbitrators." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). There is an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985). As such, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Id.* at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

Generally, in deciding whether a dispute is subject to an arbitration agreement, the Court must determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The Court's role "is limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991).

"In determining the existence of an agreement to arbitrate, the district court looks to 'general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration.'" *Botorff v. Amerco*, No. 2:12–cv–01286–MCE–EFB, 2012 WL 6628952, at *3 (E.D. Cal. Dec. 19, 2012) (quoting *Wagner v. Stratton*, 83 F.3d 1046, 1049 (9th Cir. 1996)). An arbitration agreement may only "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011) (quoting *Doctor's Assocs. Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). Therefore, courts may not apply traditional contractual defenses, such as unconscionability and duress, in a broader or more stringent manner to invalidate arbitration agreements and thereby undermine FAA's "principal purpose" to "ensure

5

that private arbitration agreements are enforced according to their terms." *Id.* at 1748 (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).

However, the right to arbitration can be waived. *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009) (citing *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758–59 (9th Cir. 1988)). The "waiver of the right to arbitration is disfavored because it is a contractual right, and thus any party arguing waiver of arbitration bears a heavy burden of proof." *Van Ness Townhouses*, 862 F.2d at 758 (internal quotations omitted). To prove waiver of the right to arbitrate, a party must show: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)).

If the right to arbitration has not been waived and a court decides to compel arbitration, the court may stay or dismiss the action. *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988). If the arbitration agreement encompasses all claims, dismissal is proper. *Horne v. Starbucks Corp*, No. 2:16–cv–02727–MCE–CKD, 2017 WL 2813170, at *3 (E.D. Cal. June 29, 2017).

B.   Analysis

Defendant generally argues the Court should compel Plaintiff to arbitrate his claims because the parties agreed to arbitrate any dispute arising out of Plaintiff's employment or the termination of such employment, the agreement to arbitrate such claims is valid, and the Agreement encompasses Plaintiff's claims. (ECF No. 8-1 at 4–7.) Defendant also maintains that it has acted consistently with its right to arbitrate. (*Id*.) In opposition, Plaintiff argues he should not be compelled to arbitrate because the Agreement is unconscionable. (ECF No. 36 at 6.) Plaintiff further argues, even if the Agreement is found to be valid, it should not be enforced because Defendant waived its right to arbitration by taking actions in state court. (*Id*. at 6–10.)

As previously stated, in deciding whether a dispute is subject to an arbitration agreement, the Court must determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp.*, 207 F.3d at 1130. Thus,

the Court will first address the validity of the Agreement[2] and then address whether Defendant waived its right to arbitration.

### i.   Validity of the Agreement

Plaintiff argues the Agreement is procedurally and substantively unconscionable and thus should not be enforced. (ECF No. 36 at 7.)

"Under California law, courts may refuse to enforce any contract found 'to have been unconscionable at the time it was made,' or may 'limit the application of any unconscionable clause.'" *AT&T Mobility LLC*, 563 U.S. at 340 (citing Cal. Civ. Code § 1670.5(a)). "A finding of unconscionability requires a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Id.* (internal quotations omitted) (citing *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)). California courts apply a "sliding scale" analysis in making determinations about unconscionability: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Kilgore v. KeyBank Nat'l Ass'n*, 673 F.3d 947, 963 (9th Cir. 2012) (quoting *Armendariz*, 24 Cal. 4th at 89).

### a)   Procedural unconscionability

Plaintiff argues the Agreement is procedurally unconscionable because it is a contract of adhesion which was presented to Plaintiff on a take-it-or-leave-it basis, as a mandatory condition of employment, and without a meaningful opportunity to review or negotiate its terms. (*Id.* at 7.) Plaintiff further argues contracts of adhesion constitute a high degree of procedural unconscionability in the employment context where the employee is typically at a disadvantage. (*Id.* (citing *Armendariz*, 24 Cal. 4th at 113; *Harper v. Ultimo*, 113 Cal. App. 4th 1402, 1406 (2003)).) Finally, Plaintiff contends Defendant did not provide him with the arbitration rules referenced in the Agreement, further contributing to the procedural unconscionability. (*Id.* at 8.)

---

[2] The parties do not dispute that the Agreement encompasses the dispute at issue. (ECF Nos. 8-1, 36, 41.) Indeed, the Agreement encompasses disputes "arising out of [Plaintiff's] employment or the termination of such employment[.]" (ECF No. 1-5 at 18.) Thus, the Court only addresses the validity of the Agreement.

7

In reply, Defendant argues courts have found arbitration agreements presented on a take-it-or-leave-it basis are not necessarily unenforceable. (ECF No. 41 at 3 (citing *Nguyen v. Applied Med. Res. Corp.*, 4 Cal. App. 5th 232, 246 (2016) for the contention that take-it-or-leave-it employment agreements are "indispensable facts of modern life that are generally enforced.")) Further, Defendant argues its failure to provide Plaintiff with a copy of the arbitration rules does not render the Agreement procedurally unconscionable since the Agreement specifies that the California Code of Civil Procedure shall govern. (*Id.*)

A contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Armendariz*, 24 Cal. 4th at 113. However, "the adhesive aspect of an agreement is not dispositive." *Peng v. First Republic Bank*, 219 Cal. App. 4th 1462, 1470 (2013) (citation omitted). When "there is no other indication of oppression or surprise" and "the degree of procedural unconscionability of an adhesion agreement is low, . . . the agreement will be enforceable unless the degree of substantive unconscionability is high." *Id.*

The Court has reviewed the Agreement and finds that it is a standard form contract. (ECF No. 8-13 at 25–29.) Accordingly, because it is a standard form contract, was presented on a take it or leave it basis, and "effectively le[ft Plaintiff] with no choice but to accept the terms if [Plaintiff] wanted to secure or maintain his job,[3]" the Agreement "imparts it with a degree of procedural unconscionability." (ECF No. 36 at 9); *Silicon Valley Self Direct, LLC v. Paychex, Inc.*, No. 5:15-CV-01055-EJD, 2015 WL 4452373 (N.D. Cal. July 20, 2015).

Regarding Plaintiff's argument he was not provided with the arbitration rules, the Agreement specifies that the California Code of Civil Procedure shall govern the arbitration, except in instances where state law conflicts with the FAA. (ECF No. 41 at 3.) Plaintiff does not allege he was denied access to the rules, or any other facts indicating the rules were hidden or

---

[3] Defendant contends Plaintiff's statements regarding the manner in which Plaintiff received the Agreement are speculative, pointing out that Plaintiff has not provided a declaration or evidence otherwise in support of his statements. (ECF No. 41 at 3.) The Court agrees with Defendant that Plaintiff does not provide any evidentiary support for its contentions regarding the manner in which Plaintiff received the Agreement. However, the Court accepts Plaintiff's representations for the purposes of determining procedural unconscionability.

1  misrepresented.  Thus, the Court finds the fact that Plaintiff was not provided with a copy of the
2  arbitration rules did not contribute to the Agreement's procedural conscionability.
3        Based on the foregoing, it appears there is only minimal evidence of procedural
4  unconscionability.  However, the Court must next "examine the extent of the substantive
5  unconscionability to determine, whether based on the California courts' sliding scale approach,
6  the arbitration provision is unconscionable." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1284
7  (9th Cir. 2006).

          *b)*       *Substantive unconscionability*

9        An agreement is substantively unconscionable if it is "unfairly one-sided."  *Little v. Auto*
10  *Stiegler, Inc.*, 29 Cal. 4th 1064, 1071 (2003).
11        Plaintiff argues the Agreement is substantively unconscionable "because it imposes terms
12  that are overly harsh and one-sided, favoring the employer."  (ECF No. 36 at 8.)  Specifically,
13  Plaintiff contends the Agreement limits discovery, requires employees to bear a significant
14  portion of the arbitration costs, and lacks mutuality.  (*Id.*)  Plaintiff also argues because the
15  arbitrator selection process is controlled by Defendant, there is potential for bias in the arbitration
16  process.  (*Id.*)
17        In reply, Defendant maintains the Agreement is not substantively unconscionable,
18  contends Plaintiff's statements are false, and points to specific portions of the Agreement to
19  demonstrate as much.  (ECF No. 41 at 3–4.)  The Court agrees with Defendant that the
20  Agreement at the very least contradicts Plaintiff's claims.
21        First, Plaintiff makes a conclusory assertion, without any supporting evidence, that the
22  Agreement limits discovery.  However, the Agreement states, in relevant part, "[b]oth [Plaintiff]
23  and [Defendant] shall be entitled to conduct adequate discovery, including oral and written
24  discovery, to be governed by the applicable law consistent with the foregoing provisions of this
25  Agreement."  (ECF No. 8-3 at 29.)  Thus, the Agreement's language does not suggest any limits
26  on discovery nor does Plaintiff point to any specific limitations.
27        With respect to the cost of arbitration, the Agreement states "[Plaintiff and Defendant]
28  shall each bear respective costs for legal representation during any such arbitration.  The cost of

1  the arbitrator and court reporter, if any, shall be paid by the [Defendant]." (*Id.* at 28.) Based on
2  the language of the Agreement, Plaintiff is not required to bear the costs of the actual arbitration,
3  and Plaintiff fails to explain its assertion to the contrary.
4      As to mutuality, the Agreement states "[i]f an employment dispute arises between
5  [Plaintiff] and [Defendant], both [Plaintiff] and [Defendant] agree to submit any such dispute
6  arising out of the [Plaintiff]'s employment or the termination of employment . . . to binding
7  arbitration." (*Id.*) Thus, the Agreement binds both the employee and the company in
8  employment disputes.
9      Finally, Plaintiff alleges "the selection process for the arbitrator is controlled by
10 [Defendant], creating a potential for bias and undermining the neutrality of the arbitration
11 process." (ECF No. 36 at 8.) However, the Agreement states "[b]oth [Plaintiff] and [Defendant]
12 shall mutually agree upon an arbitrator subject to the qualifications below." (ECF No. 8-3 at 28.)
13 In addition, "[i]n the event that [Plaintiff] and [Defendant] cannot agree on an arbitrator, then
14 [Plaintiff] and [Defendant] shall each choose an arbitrator and agree that those arbitrators shall
15 confer and jointly designate a third arbitrator to arbitrate the claim." (*Id.*) Thus, it appears
16 Defendant does not exclusively control the arbitration process.
17     In sum, Plaintiff makes conclusory and contradictory statements regarding the Agreement
18 and has failed to provide any evidence that the Agreement is substantively unconscionable. Thus,
19 the Court finds the Agreement is not substantively unconscionable.
20     Based on the foregoing, the Court does not find the Agreement is "permeated with
21 unconscionability." *Silicon Valley*, 2015 WL 4452373, at *7. Accordingly, the "emphatic federal
22 policy in favor of arbitral dispute resolution" is in favor of compelling arbitration in this case.
23 *Mitsubishi Motors Corp.*, 473 U.S. at 631.
24                   *ii.*      *Waiver*
25     Having found the Agreement to be valid, the Court turns next to the question of whether
26 Defendant waived its right to arbitration.
27     Plaintiff argues Defendant waived its right to compel arbitration by initiating the Prior-
28 Filed Action. (ECF No. 36 at 6.) Plaintiff further argues that Defendant delayed seeking

arbitration by waiting until after it dismissed the Prior-Filed Action and after Plaintiff filed his Complaint in state court and the delay was prejudicial to Plaintiff due to "unnecessary expenses and strategic disadvantages." (*Id.* at 6–7.) In addition, Plaintiff argues Defendant again "invoked the jurisdiction of the [state] court and acted inconsistently with any purported intent to arbitrate" by filing a Cross-Complaint against Plaintiff in Sacramento County Superior Court. (*Id.*)

In reply, Defendant contends: (1) its actions in the Prior-Filed Action are insufficient to find waiver; (2) legal expenses are insufficient to demonstrate prejudice; (3) Plaintiff provides no explanation of supposed strategic disadvantage; and (4) filing an answer and a compulsory counterclaim does not constitute waiver. (ECF No. 41 at 5–7.)

To prove waiver of the right to arbitrate, a party must show: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Martin*, 829 F.3d at 1124 (quoting *Fisher*, 791 F.2d at 694).

As discussed above, Defendant's actions in the Prior-Filed Action and its filing of a compulsory Counterclaim are not acts which constitute waiver. Plaintiff does not cite any proper authority supporting its contention otherwise.[4] Furthermore, other than costs or purported delay, Plaintiff provides no explanation to the conclusory statement that he has been caused "strategic disadvantages." (ECF No. 36 at 7.) Thus, the Court finds Plaintiff has failed to demonstrate that Defendant acted inconsistent with its right to arbitrate or prejudice resulting from such inconsistent acts such that Defendant has waived its right to arbitrate.

Based on the foregoing, the Court does not find Defendant has waived its right to proceed in arbitration.

### iii.    *Dismissal is Appropriate*

If a court "determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged claims are

---

[4] Confusingly, Plaintiff cites *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 21 Cal.3d 365, 369 (1978) for the contention that such actions "could constitute a waiver of the right to compel arbitration." (ECF No. 36 at 6.) However, *McConnell* is a case from 1978 resolving a dispute over class action certification and does not stand for this proposition.

11

subject to arbitration." *Delgadillo v. James McKaone Enters., Inc.*, No. 1:12–CV–1149–AWI–MJS 2012 WL 4027019, at *3 (E.D. Cal., Sept. 12, 2012).  The parties do not dispute each of Plaintiff's claims are encompassed by the Agreement.  Because Plaintiff has not provided a reason, the Court finds no reason for a stay rather than dismissal.  Accordingly, the Court will dismiss this matter rather than stay the case pending arbitration.  *Horne,* 2017 WL 2813170, at *3 (finding dismissal is proper if the arbitration agreement encompasses all claims).

### IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand (ECF No. 31) and GRANTS Defendant's Motion to Compel Arbitration (ECF No. 8).  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Date: January 22, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE